**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

**DALLAS DIVISION**

| | | |
|---|---|---|
| MICK HAIG PRODUCTIONS, E.K., | ) | |
| HATTINGER STR. 88 | ) | |
| D-44789 BOCHUM, GERMANY | ) | |
| Plaintiff, | ) | CA. 3:10-cv-01900-N |
| v. | ) | |
| DOES 1-670 | ) | |
| Defendant. | ) | |

**DEFENDANTS DOES 1-670's REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201 and the authorities cited below, Defendants Does 1-670 hereby request that this Court take judicial notice of the following materials:

- General Order, *In re cases filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), available at http://www.txwd.uscourts.gov/rules/stdord/Austin/recording_111704.pdf and attached hereto as Exhibit A;

- *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004, appending *In the Matter of DIRECTV, INC., Cases pending in the Northern District of California,* Case No. C-02-5912-JW (July 26, 2004), attached hereto as Exhibit B;

- *Elektra Entm't Group, Inc., et al. v. Does 1-6, No. 04-1241* (E.D. Pa. Oct. 13, 2004), attached hereto as Exhibit C;

- *In Re: Copyright Infringement Cases With Doe Defendants Related to Civil Action Number 04-1239*, Case No. 04-CV-650-CN, Dkt 17 (E.D. Pa. January 21, 2005), attached hereto as Exhibit D;

This request is made in connection with Defendants' Opposition to Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference.

A district court may take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Colonial Penn Ins. Co. v. Coil*, 887 F. 2d 1236, 1239 (4th Cir. 1989); *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 264 n.3 (3d Cir. 2005) ("We can take judicial notice of Merck's stock prices even on a motion to dismiss because these facts are 'not subject to reasonable dispute [and are] capable of accurate and ready

determination by resort to a source whose accuracy cannot be reasonably questioned.'") (quoting *Ieradi v. Mylan Lab. Inc.*, 230 F.3d 594, 600 n.3 (3d Cir. 2000)).  Furthermore, the Federal Rules of Evidence *require* a court to take judicial notice of a matter "if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d); *see also U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 689, 695 (W.D. Tex. 2007).

Exhibits A-D are all Orders from United States District Courts.  It is well established that a court may take judicial notice of matters of public record.  *See*, *e.g.*, Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 412 (5th Cir. 2004) (holding that the fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice); *Colonial Penn Ins.*, 887 F. 2d at 1239 (noting "that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'" (citation omitted)).  Specifically, federal courts may take judicial notice of proceedings in other courts, both within and outside of the federal judicial system, if those proceedings have a direct relation to matters at issue.  *Allen v. City of Los Angeles*, 92 F.3d 842 (9th Cir. 1992).

These documents are offered to show how courts around the nation have handled issues of jurisdiction, joinder, and free speech rights in analogous cases.  Thus, they are appropriate subject for judicial notice pursuant to Federal Rule of Evidence 201(b)(2).

For the foregoing reasons, the Court may properly consider Exhibits A-D as it reviews Defendants' Opposition.

Dated: November 24, 2010            Respectfully submitted,

*s/Matthew Zimmerman*
Matthew Zimmerman
*mattz@eff.org*
Cindy Cohn
*cindy@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
T: (415) 436-9333
F: (415) 436-9993
www.eff.org

Paul Alan Levy
*plevy@citizen.org*
Public Citizen Litigation Group
1600 - 20th Street, NW
Washington, DC 20009
T: (202) 588-1000
http://www.citizen.org/litigation

## *Certificate of Service*

On <u>November 24, 2010</u> I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

s/ <u>Matthew Zimmerman</u>