# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| MICK HAIG PRODUCTIONS, E.K., | ) | |
| HATTINGER STR. 88 | ) | |
| D-44789 BOCHUM, GERMANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CA. 3:10-cv-01900-N |
| | ) | |
| DOES 1-670, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPLY IN OPPOSITION TO EARLY DISCOVERY

In its response to the Doe defendants' opposition to the motion for leave to take early discovery, plaintiff makes no effort to respond to the severe legal problems raised by the defendants here. Plaintiff does not show that the Does are actually subject to this court's jurisdiction; indeed it does not even address the evidence and legal argument defendants provided showing that the vast majority of them are not. Nor does plaintiff explain why joinder is proper under the caselaw or Federal Rules. Both concerns recently led the United States District Court for the Northern District of West Virginia to order severance of over 5,400 Does in similar cases brought before it, and forbade plaintiffs from proceeding against any Does whose IP addresses did not suggest that they lived in that state (see page 3, *infra*). Finally, plaintiff does not explain how he can meet the settled legal test for unmasking anonymous speakers online.

Because it has not responded to defendants' legal arguments, plaintiff's motion for early discovery should be denied. Inasmuch as the very face of the complaint reveals the lack of a sound basis for pursuing litigation, plaintiff should not be given identifying information that will be used to try to intimidate the anonymous defendants into monetary settlements that far exceed the meager

damages that appear to be available to it.

Instead of responding to the legal arguments, plaintiff implicitly acknowledges that its counsel filed this action without any real intention of litigating the case to judgment, but rather in the expectation that a sufficient number of defendants would choose to settle rather than defend. Plaintiff excuses this approach on the ground that most cases settle short of trial, but even that citation is incorrect. Plaintiff cites data from the Bureau of Justice Statistics about the fraction of tort cases (*i.e.* personal injury cases) that are decided at trial. In fact, however, full federal court statistics reveal that the reason most district court cases do not get to trial is not that they are settled—only about 20% of cases settle—but rather that they are resolved by successful dispositive motions, such as dismissal or summary judgment.[1]

Plaintiff also argues that a motion for pre-service discovery is a "mere formality" that is intended to enable its counsel to conduct a Rule 26(f) conference with opposing counsel. But the leading case on the procedures and standards for requests to unmask anonymous Internet speakers, *Dendrite Int'l v. Doe No. 3*, 342 N.J. Super. 134, 775 A.2d 756, 760 (2001), held the showing of a proper basis for proceeding with the litigation must be made **before** a motion for pre-service discovery may be granted. Here, defendants have presented several reasons to doubt that there is a proper basis for allowing this litigation to proceed, either in this Court or, indeed, at all. Those critical concerns are properly evaluated by the Court at this time.

Indeed, as noted above, after our opposition brief was filed in this case, the United States

---

[1] Of 276,684 civil cases in Fiscal Year 2009, only 55,696 were terminated through settlement; 192,991 were terminate by court action before pretrial (that is, by dismissal or summary judgment), and another 24,655 by court action during or after the pre-trial. http://www.uscourts.gov/uscourts/Statistics/StatisticalTablesForTheFederalJudiciary/2009/dec09/C04Dec2009.pdf

District Court for the Northern District of West Virginia issued orders in seven cases similar to this one, each alleging copyright infringement of a single pornographic film against hundreds of John Doe individuals identified by Internet Protocol address alone. Ruling on motions to quash in each case, the court found that the Does had been improperly joined. In each case, it ordered that all Does except the first be severed from the action, and that the subpoenas that had been served on various Internet Service Providers be quashed. The court allowed the plaintiffs to file individual amended complaints and submit filing fees for those defendants, but also noted that the amended complaints can only proceed against Does with IP addresses of computers located within the State of West Virginia. Citing testimony similar to the affidavit offered here by Seth Schoen, the court observed that a publicly available website can help plaintiffs determine the physical location of the computer at the time of the alleged infringement. These orders provide an additional reason to dismiss this action or, at least, to sever the defendants.[2]

Plaintiff has chosen not to respond to defendants' arguments supporting dismissal, severance or denial of discovery.[3] Its counsel does not dispute the accuracy of his reported statements to the

---

[2] Defendants are submitting the relevant orders for the Court's consideration, attached as Exhibit "A." The Electronic Frontier Foundation, through attorneys who are counsel ad litem here, filed amicus briefs in the West Virginia cases.

[3] Plaintiff responds to the argument that severance is required by Rule 20, Doe Br. 10-14, by suggesting that Rule 1 calls for speedy and efficient litigation, and threatening to inundate the Court with thousands of separate complaints. Plaintiff's Response Br. 2. However, the cost to the Court of processing a lawsuit with thousands of pro se or individually represented defendants is not significantly different from the cost of litigating thousands of different cases, and, in any event, given the evidence defendants have provided, it is likely that only a small fraction of those severed cases could properly be refiled in this jurisdiction anyway. Of course, once plaintiff refiles his complaints against those individual Does whose IP addresses show that they are subject to personal jurisdiction in Texas, and pays the appropriate filing fees for each case, the Court can decide to consolidate the cases for consideration of those aspects of the cases that merit common treatment.

press, quoted in our opening brief, that his litigation strategy relies on the threat of embarrassing defendants with being identified publicly as having downloaded pornography. Doe Br. 21. However, he attaches one of his standard settlement demand letters that offers to allow defendants to proceed anonymously. Even if counsel's private correspondence is given primacy over his media braggadocio, the demand letter confirms the observation in our brief that his settlement demand is $2500 (that is, less than a defendant would likely have to pay for ten hours of an attorney's time). But, as we showed in our brief, at 19-20—a point to which plaintiff never responds—the settlement demand preys on the anticipated ignorance of pro se anonymous defendants of the fact that the belated registration of *Der Gute Onkel* will preclude the recovery of either statutory damages or attorney fees, and hence that the settlement demand is roughly one hundred times plaintiff's maximum financial recovery. The only rational reason why an anonymous defendant, even one who is guilty of the infringement charged in the complaint, would pay $2500 is to avoid the expense of hiring a lawyer and to avoid the embarrassment of being named in the litigation.

## CONCLUSION

The motion for pre-service discovery should be denied. Defendants also suggest that the Court dismiss the action sua sponte and require that plaintiff refile individual cases against individual defendants in courts that can properly exercise jurisdiction. If the cases are refiled with claims for statutory damages and attorney fees, plaintiff should be required to show that such relief is available before pre-service discovery is allowed.

Respectfully submitted,

s/ Paul Alan Levy
Paul Alan Levy

-4-

*plevy@citizen.org*
Public Citizen Litigation Group
1600 - 20th Street, NW
Washington, DC 20009
T: (202) 588-1000
http://www.citizen.org/litigation


_____s/Matthew Zimmerman_____
Matthew Zimmerman
*mattz@eff.org*
Cindy Cohn
*cindy@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
T: (415) 436-9333
F: (415) 436-9993
www.eff.org

Counsel ad litem for Does 1-670

December 23, 2010

**CERTIFICATE OF SERVICE**

I certify that I am filing this brief through the Court's ECF systems, which will serve a copy on opposing counsel automatically.

                                                                  \_\_\_\_\_ /s/ Paul Alan Levy _____
                                                                  Paul Alan Levy