IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICK HAIG PRODUCTIONS, E.K., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1900-N |
| | § | |
| DOES 1-670, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE REGARDING CASE ACTIVITY**

In response to the Court's Order regarding disclosure of activity in the instant case, Plaintiff reports as follows. As counsel for Defendants allege, subpoenas were in fact served on several service providers in control of the internet accounts by which the infringing activity in this case occurred. Plaintiff notes that the subpoenas requested nothing more than identifying information of the service providers' account holders. Plaintiff further notes that the subpoena provision of the U.S. Copyright Act allows for such a subpoena to be served on an internet service provider without a court order. 17 U.S.C. § 512(h) Because the law allows for this type of subpoena to be issued and served without judicial oversight, Plaintiff respectfully asserts that Defendants' claims of harm are without merit, thus making disciplinary action improper.

Additionally, the only reason Plaintiff sought leave of court to serve the subpoenas in the instant case is that the Doe Defendants, being unknown, were initially unrepresented by counsel, thus preventing any opportunity for Plaintiff to meet and confer with opposing counsel per the Federal Rules. Fed. R. Civ. P. 26(f). When the Court appointed counsel for Defendants, this opportunity to meet and confer suddenly became a possibility. The Court, however, did not order

the parties to confer at this time, even though this would have obviated the need for Plaintiff's Discovery Motion. In fact, the Court robbed Plaintiff of this opportunity altogether by ordering Defendants to oppose Plaintiff's discovery efforts, *ab initio*. By depriving Plaintiff the opportunity to proceed with discovery in a normal fashion, Plaintiff asserts that it would be highly irregular to then sanction Plaintiff's counsel for doing so.

## COMMUNICATION WITH SERVICE PROVIDERS

1. Counsel for Plaintiff ("Stone") had telephonic conversations with three affected service providers, Comcast Communications, Verizon Internet Services and Time Warner Cable, Inc. In the conversation with Comcast Communications many weeks after service of the subpoena, Comcast inquired as to any follow-up Order from the Court regarding the production of records requested in the subpoena. Stone apologized to Comcast, and stated that such a ruling had yet to be issued by the Court. Stone further apologized for having served a subpoena bearing a deadline date in that turned out to expire prior to the issuance of such a ruling.

2. On January 26, 2011, Stone received a call from Verizon stating that Verizon wished to recall the CD of digital records it produced in response to Plaintiff's subpoena. Stone informed Verizon that his office assistant reported the CD to be unreadable and that Plaintiff would need a new copy of the records upon the Court's ruling granting discovery. Stone then sent the CD back to Verizon.

3. When Stone spoke with Time Warner Cable, Stone agreed to withdraw the subpoena completely, and re-serve the subpoena pending the Court's Order granting discovery.

4. One service provider, Frontier Communications, provided Plaintiff with records for account holders to which accounts were assigned on the dates and times the infringing activities occurred. These records are no longer in Plaintiff's possession.

**SUBPOENAS ISSUED**

5. The subpoenas issued to service providers in the instant case and all accompanying documents are included in the attached Exhibit.

**COMMUNICATION WITH DOE DEFENDANTS**

6. Plaintiff has yet to affirmatively identify, name or serve any Doe Defendant in this case. As such, no Doe Defendants have been contacted—only account holders have been contacted. This distinction is of paramount importance.

7. Finally, no funds were ever received from or on behalf of any Doe Defendant or account holder in this case.

Respectfully Submitted,

s/ *E. F. Stone*

Evan Stone
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas 76201
Office: 469-248-5238
Email: lawoffice@wolfe-stone.com