# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MICK HAIG PRODUCTIONS, E.K., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CA. 3:10-cv-01900-N |
| DOES 1-670 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| ——————————————— | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF
## THEIR MOTION FOR ATTORNEY'S FEES OR SANCTIONS

## I.     INTRODUCTION

In his "Response Regarding Case Activity" of April 15, 2011 ("Response"),[1] Plaintiff's counsel Evan Stone fails to provide any colorable justification for his intentional misuse of the Court's subpoena power for the purpose of coercing settlements of claims of alleged pornography downloading.  Moreover, Mr. Stone fails to fully comply with the Court's April 1, 2011, demand that he fully account for his actions.  Mr. Stone's repeated misuse of invasive federal subpoenas, which he now admits resulted in the improper disclosure of the identities of Internet subscribers, cannot be ignored.  Defendants respectfully request that Mr. Stone again be ordered to make a *full and complete* accounting of his actions, including disclosing *all* information obtained pursuant to his improperly issued subpoenas – including but not limited to *all* identities obtained and *all* subsequent communications to the Defendants whom those letters identified.  Defendants further request that their motion for sanctions now be granted.

## II.     ATTORNEY STONE'S RESPONSE TO THE COURT'S ACCOUNTING ORDER

On April 1, 2011, the Court granted preliminary relief in response to Defendants' motion for sanctions, ordering in part that Plaintiff's counsel "disclose all actions taken by him in connection with issuing subpoenas."  In his Response, Mr. Stone disclosed the following (among other) information:

- "[S]ubpoenas were in fact served on several service providers in control of the internet accounts by which the [allegedly] infringing activity in this case occurred."  Response at 1.

- Mr. Stone issued subpoenas to ten Internet service providers ("ISPs") seeking identity-related information about Internet subscribers.  Those subpoenas were all

---

[1] Mr. Stone failed to serve Defendants' counsel with his Response.  Undersigned counsel was not made aware of the filing until the Court independently brought the matter to counsel's attention.  Counsel was granted access to the filing on May 18, 2011.  *See* Affidavit of Paul Levy of May 27, 2011 ("Levy Aff.") at ¶ 2.  The material filed by Mr. Stone does not appear to include any personally identifiable information about any Internet subscriber (although Mr. Stone admits that he obtained such material), and Defendants do not in any case quote such personally identifiable information in this Reply.

issued after the filing of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference (DN 2, filed September 30, 2010) and after the Court ordered that ISPs preserve the information sought instead of granting Plaintiff's Motion for pre-conference discovery (DN 3, issued October 21, 2010).  Response at 1-2; DN 12-1 (copies of subpoenas) at 1, 6, 10, 20, 24, 28, 32, 38, 43, 47.

- Mr. Stone issued these subpoenas to Charter Communications, Clearwire, Comcast, Cox, Frontier Communications, Insight Communications, Time Warner Cable, WideOpen West, Windstream NuVox, and Verizon.  DN 12-1 (copies of subpoenas) at 1, 6, 10, 20, 24, 28, 32, 38, 43, 47.

- Mr. Stone received information in response to his subpoenas from at least two ISPs:  Verizon and Frontier Communications.  Response at 2.

- Mr. Stone represents that he was unable to access any of the information about its subpoenaed subscribers as provided by Verizon.  Response at 2.

- Frontier Communications "provided Plaintiff with records for account holders to which accounts were assigned on the dates and times the infringing activities occurred."  Response at 2.  Mr. Stone indicates that "[t]hese records are no longer in Plaintiff's possession," implying that Mr. Stone destroyed or otherwise disposed of that material obtained as a result of the issuance of his subpoenas.

- Mr. Stone contacted ISP account holders, presumably of Frontier Communications, although not clarified in Mr. Stone's response.  Response at 3.

## III.   ARGUMENT

### A.   Plaintiff's Counsel Has Not Presented Even a Colorable Excuse for Having Issued Subpoenas in Violation of Rule 45.

Federal Rule of Civil Procedure 26(d) states:

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

2

Notwithstanding the absence of a Rule 26(f) discovery conference, and despite his failure to meet any of the other Rule 26(d) conditions that would have authorized pre-conference discovery, Mr. Stone issued subpoenas and obtained Internet subscriber identity information.

Mr. Stone offers two arguments against being sanctioned for such blatantly improper behavior.  First, Mr. Stone theorizes that he could have chosen an alternative procedure (a subpoena pursuant to 17 U.S.C. § 512(h)) in place of the procedure for which he sought and was denied authorization.  DN 7 at 1.  Second, Mr. Stone argues that the Court's explicit denial of his discovery request was not "normal" and thus "robbed Plaintiff of th[e] opportunity" to conduct discovery in the manner to which he was accustomed and in which his client preferred.  *Id*. at 1-2.  Neither argument has merit.

Mr. Stone's musings about the "normality" of the Court's decision merit little if any discussion.  Mr. Stone and his client must comply with the Federal Rules of Civil Procedure, even if he feels that it inconveniences him or his client.  Mr. Stone's other argument fares little better.  Whether or not Mr. Stone could have used an alternative vehicle such as a subpoena under 17 U.S.C. § 512(h) is irrelevant for two reasons.  First, he did not issue – and indeed could not have issued – such a subpoena.  Instead, he filed suit and issued subpoenas under Rule 45.  *See*, *e.g.*, DN 12-1 at 2 (form subpoena issued by Stone to Charter Communications Legal Department on October 22, 2010, invoking Rule 45).  Once suit is filed, proceedings are governed by the Federal Rules of Civil Procedure and subpoenas must be issued pursuant to Rule 45 which requires (among other things) that discovery be authorized according to the conditions set forth in Rule 26(d).  No such conditions were met.  By contrast, subpoenas authorized under 17 U.S.C. § 512(h) are *pre-discovery* subpoenas and are inapplicable when suit has already been filed.  *See*, *e.g.*, *Recording Indus. Ass'n of Am. v. Univ. of N.C. at Chapel Hill*, 367 F. Supp. 2d 945, 958 (D.M.N.C. 2005).

In any event, any attempt to seek identity information related to the Doe Defendants in this case pursuant to 17 U.S.C. § 512(h) would be unlawful inasmuch as such a subpoena may only be issued to an ISP that stores on its servers material that is infringing or the subject of

infringing activity.  *See, e.g.*, *Recording Indus. Ass'n of Am. v. Verizon Internet Servs.*, 351 F.3d 1229, 1233 (D.C. Cir. 2003); *see also Recording Indus. Ass'n of Am. v. Charter Communs.*, Inc., 393 F.3d 771, 777 (8th Cir. 2005).  Plaintiff's counsel does not allege (and has no basis to allege) that the ISPs that were illegitimately subpoenaed were in any way storing allegedly infringing material on their servers.  To the contrary, counsel admits that it was the end users – not ISPs – that hosted the material in question.  *See, e.g.*, Complaint (DN 1) at ¶ 9 ("The torrent site hosts and distributes small reference files known as "torrents."  Although torrents do not contain actual audio/visual media, they instruct a user's computer where to go and how to get the desired file."); ¶ 10 ("A tracker directs a BitTorrent user's computer to other users who have a particular file, and then facilitates the download process from those users.").  Section 512(h) is structurally linked to the storage functions of an ISP and not to its transmission functions, such as those listed in 17 U.S.C. § 512(a).  *Verizon*, 351 F.3d at 1237.  In short, none of the information sought by Stone could have been lawfully obtained pursuant to alternative process such as a 17 U.S.C. § 512(h) subpoena.

  **B.**  **Plaintiff's Counsel Has Not Fully Accounted for His Actions in Connection With the Improper Issuance of Subpoenas.**

  Notwithstanding the Court's Order to "disclose all actions taken by him in connection with issuing subpoenas," explicitly including but not limited to "any communications with or materials produced by any Internet Service Provider" and "any communications with the Defendant Does or their representatives," and despite acknowledging that he obtained readable account information from at least one ISP (Frontier Communications), Mr. Stone has refused to disclose what account information he received or the content and nature of any of the (admitted) subsequent communications with those individuals.  Instead, Mr. Stone deceptively asserts that he has had no contact with Doe Defendants as he (by definition) does not know who such Doe Defendants are.  That is, Mr. Stone acknowledges issuing subpoenas to ten ISPs in pursuit of Doe Defendants tied to IP addresses associated with subscriber accounts, and he acknowledges obtaining information about and contacting some of those subscribers – as he says in paragraph 6

of his response, "only account holders have been contacted" – but he declines to describe them as "Doe Defendants" and therefore refuses to identify those subscribers to Defendants' counsel or to the Court.

Such statements amount to mere sophistry.  Mr. Stone's deceptive answers contravene both the letter and spirit of the Court's Order and should not be tolerated.  To begin with, such protestations are beside the point and gain Mr. Stone nothing: *any* subscriber information obtained pursuant to an improper subpoena is an unwarranted and impermissible invasion of privacy, whether or not it is related to one of the Doe Defendants.  If the "account holders" are non-parties, they enjoy *greater* privacy protection under the discovery rules precisely because they are even more vulnerable to harm when (as here) litigants take it upon themselves to invent their own discovery standards.  *See, e.g.*, *Doe v. 2themart.com*, 140 F.Supp.2d 1088, 1095 (W.D. Wash. 2001) ("[N]on-party disclosure is only appropriate in the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speaker.").

More directly, Mr. Stone's own cover letters to the subpoenaed ISPs indicate that the account holders are the very Does Mr. Stone is seeking; Stone asks the ISPs to produce "records regarding *customers who used your internet service for the unauthorized reproduction and distribution of my client's copyrighted motion picture.*"  DN 12-1 (copies of subpoenas and accompanying communication) at 1, 6, 10, 20, 24, 28, 32, 38, 43, 47 (emphasis added).  Indeed, Mr. Stone makes no such distinction in this or other mass copyright infringement actions, regularly seeking to hold subscribers responsible for the activity taking place over that subscriber's connection.  *See, e.g.*, Exhibit 1 to the Affidavit of Matthew Zimmerman of May 27, 2011 ("Zimmerman Aff.") at 2 (requesting without authority (in cover letter attached to a 17 U.S.C. § 512(h) subpoena for identity information) that subscribers' Internet accounts be blocked or suspended, without a judicial finding of infringement and regardless of who actually made use of the account).

C.   **Attorney Stone's Response and Accompanying Documentation Should Be Unsealed.**

In its Order of April 1, 2011, the Court ordered Mr. Stone to identify (among other things) "materials produced by any Internet Service Provider," "communications with Defendant Does," and other potentially personally identifiable information.  Accordingly, the Court ordered Mr. Stone to file under seal.  DN 11.  Mr. Stone has not in fact produced any personally identifiable information, and making Mr. Stone's submissions publicly available may assist individual Defendants who check the Court's electronic docket; they will certainly inform the public about the events in this case.  Therefore, applying the presumption that the public has a right to access all judicial documents, Defendants request that Stone's Response and accompanying documentation – Docket Numbers 12 and 12-1 – be unsealed.  *See, e.g., Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) (recognizing a "general right to inspect and copy public records and documents, including judicial records and documents.").  However, if any future submissions by Stone include personally identifiable information, he should be ordered to file unredacted copies under seal to protect the individuals at risk, but to e-file copies from which personally identifying information has been redacted.  Copies of both versions should be served on undersigned counsel for the Does.

**IV.   CONCLUSION**

Plaintiff's counsel Evan Stone sought permission from this Court to issue invasive discovery to obtain the identities of literally hundreds of individuals from across the country – most of whom appear to reside outside of this Court's jurisdiction – who he alleged downloaded pornographic films in order to coerce settlements.  This Court declined that invitation, correctly recognizing the potential for abuse in what Mr. Stone proposed.  Undeterred, Mr. Stone went forward anyway, issuing subpoenas, obtaining subscriber information, and – presumably – issuing settlement letters demanding the payment of thousands of dollars.

Especially as Mr. Stone continues to pursue similar actions all across the country, utilizing similar tactics in which he issues subpoenas for identity information with the sole aim

of coercing settlements, such abuse of the discovery process cannot be tolerated.  Defendants respectfully request the following:

- That Mr. Stone be ordered to *fully* comply with the Court's accounting order, identifying (and providing copies of) *any* material obtained in response to the subpoenas in question and identifying (and providing copies of) all subsequent communications with any individuals identified.

- That Docket Numbers 12 and 12-1 be unsealed and filed on the Court's ECF docket.

- That Defendants' motion for sanctions be granted.


Dated: May 27, 2011                    Respectfully submitted,

                                       /s/ *Matthew Zimmerman*_____
                                       Matthew Zimmerman
                                       *mattz@eff.org*
                                       Cindy Cohn
                                       *cindy@eff.org*
                                       ELECTRONIC FRONTIER FOUNDATION
                                       454 Shotwell Street
                                       San Francisco, CA 94110
                                       T: (415) 436-9333
                                       F: (415) 436-9993
                                       www.eff.org

                                       /s/ Paul Alan Levy_____
                                       Paul Alan Levy
                                       *plevy@citizen.org*
                                       Public Citizen Litigation Group
                                       1600 20th Street, NW
                                       Washington, D.C. 20009
                                       T: (202) 588-1000
                                       http://www.citizen.org/litigation