**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MICK HAIG PRODUCTIONS, E.K., | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA. 3:10-cv-01900-N |
| | ) |
| DOES 1-670 | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**_AD LITEM_ COUNSEL'S PETITION FOR
ATTORNEY'S FEES AND EXPENSES**

On September 9, 2011, this Court granted Defendants' motion for sanctions based on Plaintiff counsel Evan Stone's improper sending of subpoenas in violation of Rules 26 and 45 as well as the Court's denial of Plaintiff's motion for expedited discovery subpoenas. To "make all interested parties to this action whole" in the wake of Mr. Stone's misconduct, the Court ordered that, in additional to a monetary sanction to be paid to the Court and other remedial measures, Mr. Stone "shall pay the *Ad Litems'* attorneys' fees and expenses reasonably incurred in bringing the motion for sanctions." Order of September 9, 2011, at 16. Pursuant to the Court's Order, Defendants' *ad litem* counsel now submit this Memorandum and accompanying affidavits in support of the fees and costs reasonably incurred by *ad litem* counsel during that phase of this litigation.

## I.      REASONABLENESS OF ATTORNEY'S FEES

### A.      Legal Standard

Having determined that a fee award is appropriate, the Court must now determine the value of the work performed. To evaluate the reasonableness of the fees and costs sought, the Court begins by calculating the lodestar, or "the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See also*, *e.g.*, *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley*); *Starlight Intern., Inc. v. Herlihy*, 190 F.R.D. 587, 589 (D. Kan. 1991) (applying lodestar approach to Rule 26 attorney's fees award); *Molefi v. Oppenheimer Trust*, Case No. 03 CV 5631(FB) (VVP), 2007 WL 538547, at *5 (S.D.N.Y. February 21, 2008) (applying lodestar approach to Rule 45 attorney's fees award). The party seeking attorney's fees bears the burden of producing evidence supporting the hours worked and a reasonable rate. *Hensley*, 461 U.S. at 433. The lodestar is presumptively reasonable if the Court finds that the hours expended and corresponding rates are both reasonable. *See*, *e.g.*, *Watkins*, 7 F.3d at 459.

In calculating the lodestar, the proper rate is the one "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Islamic Ctr. of Miss. v. Starkville*, 876 F.2d 465, 469 (5th Cir. 1989) (quoting *Blum v. Stenson*, 465 U.S.

886, 895 n.11 (1984)).  The proper rate takes into account not only the experience and

credentials of each attorney but also the expertise and skill of counsel for whom fees are sought.

*See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[1]  And

while courts traditionally define the relevant legal community to be "the one in which the district

court sits," *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 586 F. Supp. 2d 732,

754 (S.D. Tex. 2008), counsel's "'home rates' should be considered as a starting point for

calculating the lodestar amount" where "out-of-district counsel are proven to be necessary to

secure adequate representation."  *McClain v. Lufkin Industries, Inc.*, 649 F.3d 374, 382, 384 (5th

Cir. 2011) (addressing the reasonableness of attorney's fees in the context of a class action

employment discrimination dispute).  Although *ad litem* counsel generally do not charge for their

services because they are employed by non-profit, public interest law firms, their reasonable

hourly rates are determined by the proper market rate in their communities.  *See, e.g.*, *Blum v.

Stenson*, 465 U.S. 886, 892, 895 n.11 (1984).

    **B.**    ***Ad Litems* Counsel's Fees Are Reasonable**

    Both the rates and time expended by *ad litem* counsel in bringing the sanctions motion

are reasonable.  First, as documented in the accompanying declarations submitted by *ad litem*

counsel Matt Zimmerman and Paul Levy, the amount of attorney time submitted in support of

the fee award request corresponds to time reasonably spent on evaluating Mr. Stone's

misconduct and to draft and file the Defendants' successful sanctions motion.  *See* Declarations

of Matt Zimmerman and Paul Levy generally.

    Second, the hourly rates of the *ad litem* counsel are reasonable given the prevailing rates

in their respective communities and their respective skill and experience level.  *See* Declaration

---

[1] The complete list of *Johnson* factors a court should consider in determining the proper
attorney's fee rate includes: (1) the time and labor required; (2) the novelty and difficulty of the
questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other
employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the
fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the
amount involved and the results obtained; (9) the experience, reputation, and ability of the
attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional
relationship with the client; and (12) awards in similar cases.  488 F.2d at 717–19.

of Daralyn Durie in Support of *Ad Litem* Counsel's Petition at ¶ 6.  Defendants' counsel have specialized expertise with the unusual nature of the underlying litigation, including understanding the appropriate standards for unmasking anonymous online speakers[2] as well as having participated as counsel or *amicus* in a variety of cases opposing similarly deficient theories in a variety of mass end-user copyright infringement cases.[3]  *See* Declarations of Matt Zimmerman and Paul Levy generally.  Indeed, courts have previously invited EFF and Public Citizen to contribute as *amicus* in cases where such procedural and substantive matters were at issue.  *See, e.g.*, *VPR Int'l v. Does 1,017*, Case No. 2:11-cv-02068-HAB –DGB (C.D. Ill. Aug. 11, 2011).  In the immediate case, the Court recognized that expertise in appointing the undersigned as *ad litem* counsel to defend the interests of the anonymous Defendants when they were unable to do so themselves.  Counsel's ordinary rates are reasonable and should be adopted.

 *Ad litem* counsel seeks $22,040.00 in fees, broken down as follows and as identified in the accompanying declarations:

Matt Zimmerman: 30.5 hours x $550.00/hour = $16,775.00

| Date | Task | Hours |
|---|---|---|
| 7-Feb-11 | Legal research re: sanctions standards, consult with co-counsel by e-mail regarding motion, draft sanctions motion and related filings. | 4.25 |
| 8-Feb-11 | Draft and edit sanctions motion and related filings, consult with co-counsel by e-mail regarding motion. | 5.75 |
| 9-Feb-11 | Edit sanctions motion and related filings, consult with co-counsel by e-mail regarding motion. | 3.0 |
| 10-Feb-11 | Edit sanctions motion and related filings, consult with co-counsel by e-mail regarding motion. | 1.75 |

---

[2] *See, e.g.*, *Dendrite Int'l v. Doe No. 3*, 775 A.2d 756 (N.J. App. 2001) (quashing subpoena seeking the identity of online critic); *USA Technologies v. Doe*, 713 F. Supp. 901 (N.D. Cal. 2010) (same).

[3] *See, e.g.*, *Third World Media v. Does 1-1,243*, Case No. 3:10-cv-00090-JPB-JES (N.D. W.Va. Jan. 11, 2011); *FUNimation Entm't v. Does 1-1,427*, Case No. 2:11-cv-00269-DF (E.D. Tex. filed May 27, 2011); *Openmind Solutions v. Does 1-2,925*, Case No. 3:11-cv-00092-GPM-SCW (S.D. Ill. filed Feb. 2, 2011); *USA Technologies v. Doe*, 713 F. Supp. 901 (N.D. Cal. 2010); *Savage v. Council on American-Islamic Relations*, Case No. C 07-6076 SI, 2008 WL 2951281 (N.D. Cal.); *Fix Wilson Yard v. City of Chicago*, Case No. 2008-CH-45023 (Ill. Cir. Ct. 2008); *Dominick v. MySpace*, Case No. 2008-L-005191 (Ill. Cir. Ct. 2008); *Township of Manalapan v. Moskovitz*, Case No. MON-L2893-07 (N.J. Sup. Ct. 2007); *Burd v. Cole*, Case No. CJ 2006 03717 (O.K. Dist. Ct. 2006).

| | | |
|---|---|---:|
| 11-Feb-11 | Edit sanctions motion and related filings, consult with co-counsel by e-mail regarding motion, file motion. | 2.25 |
| 18-May-11 | Review sanctions response, consult with co-counsel regarding response and upcoming reply brief. | 1.5 |
| 25-May-11 | Legal research re: sanctions standards, consult with co-counsel by e-mail regarding reply, draft sanctions reply and related filings. | 4.25 |
| 26-May-11 | Edit sanctions reply and related filings, consult with co-counsel by e-mail regarding reply. | 2.25 |
| 27-May-11 | Edit sanctions reply and related filings, consult with co-counsel by e-mail regarding motion, file reply | 1.5 |
| 9-Sept-11 | Read and evaluate court's order granting sanctions, initiate research regarding fee standards. | .5 |
| 4-Oct-11 | Research regarding fee standards; draft fee petition and related filings. | 2.0 |
| 5-Oct-11 | Finalize fee petition and related filings. | 1.5 |

===============================================   ===

Total hours:   30.5

Paul Alan Levy: 8.1 hours x $650.00/hour = $5,265.00

| Date | Task | Hours |
|---|---|---:|
| 22-Jan-11 | Contact Comcast about report from Doe. | .1 |
| 23-Jan-23 | Communicate w/Doe re Stone demand. | .1 |
| 24-Jan-11 | Communicate w/Comcast re Stone demand. | .2 |
| 25-Jan-11 | Talk re Stone demand. | .3 |
| 25-Jan-11 | Talk Comcast re Stone overreach. | .4 |
| 29-Jan-11 | Exchange with Stone, consult co-coun. | .1 |
| 9-Feb-11 | Edit sanctions memo | 1.5 |
| 9-Feb-11 | Draft Levy affidavit sanc mot | 1.2 |
| 10-Feb-11 | Edit sanctions memo. | 3.0 |
| 11-Feb-11 | Final edit/proof/tables/filing of sanctions papers. | .5 |
| 18-May-11 | Review Stone oppo, consult co-coun. | .7 |
| 27-May-11 | Edit sanctions reply, affidavit. | .5 |
| 6-Oct-11 | Levy Fee Affidavit, edit fee mem. | .7 |

===============================================   ===

Total hours:   8.1

4

The number of hours and rates identified by *ad litem* counsel are reasonable and support an award of the full fee amount sought.

## II.    CONCLUSION

Defendants' *ad litem* counsel respectfully requests that the Court award them reasonable fees and costs in the amount of $22,040.00.


Dated: October 7, 2011                    Respectfully submitted,

                                          /s/ *Matthew Zimmerman*
                                          Matthew Zimmerman
                                          *mattz@eff.org*
                                          Cindy Cohn
                                          *cindy@eff.org*
                                          ELECTRONIC FRONTIER FOUNDATION
                                          454 Shotwell Street
                                          San Francisco, CA 94110
                                          T: (415) 436-9333
                                          F: (415) 436-9993
                                          www.eff.org

                                          /s/ *Paul Alan Levy*
                                          Paul Alan Levy
                                          *plevy@citizen.org*
                                          Public Citizen Litigation Group
                                          1600 20th Street, NW
                                          Washington, D.C. 20009
                                          T: (202) 588-1000
                                          http://www.citizen.org/litigation