UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICK HAIG PRODUCTIONS, E.K., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-cv-01900-N |
| | ) | |
| DOES 1-670, | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF ATTORNEY FEES**

Respondent Evan Stone makes several arguments about the amount of fees that should be awarded against him. This memorandum responds to several of his arguments

1. On September 9, 2011, the court ordered Mr. Stone to take certain remedial steps to "make all interested parties whole," including requiring him to "pay the Ad Litems' attorneys' fees and expenses reasonably incurred in bringing the motion for sanctions." Order of September 9, 2011, at 16. Although Mr. Stone concedes that at least $5,710 should be awarded, Mr. Stone argues that the recovery of attorney's fees should be limited in time and scope, restricted only to legal research, drafting, edits, and communications made or performed in a four day period between February 7th and February 11th. He labels all prior and subsequent actions "outside the scope of . . . the motion." Stone's Response, at 2. This overly narrow conception ignores the full scope of the work reasonably required to support the sanctions motion, including the requisite factual investigation into what even Mr. Stone describes as his "textbook misconduct," the need to file for an extension to file a reply since Mr. Stone failed to serve the undersigned with his response to the Court's preliminary sanctions order, the drafting and filing of the reply brief, and the subsequent petition relating to counsel's specific rates and amount of fees. Such work was necessary and

reasonably incurred in the process of bringing the motion for sanctions and is therefore compensable as per the Court's order. *See, e.g.*, *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 604, 617 (N.D. Tex. 2000) (awarding fees for "time expended preparing [plaintiff's] reply brief in support of his fee application"); *Ragan v. C.I.R.*, 210 F.3d 514, 517-18 (5th Cir. 2000) (granting fees on fees, which the court defined as "litigation costs associated with the portions of the preparation of [an] original fee request . . . when requested alongside the original fee petition"); *Powell v. C.I.R.*, 891 F.2d 1167, 1172 (5th Cir. 1990) (granting fees on fees under the Equal Access to Justice Act "where the [defendant's] underlying position is not substantially justified…") (citing *Trichilo v. Sec'y of Health & Human Services*, 832 F.2d 743, 745 (2d Cir. 1987)). Thus, for example, the 2.7 hours spent developing the factual case that supported a motion for sanctions, and trying to persuade Stone to provide the information eventually sought in the motion for sanctions, the 9.2 hours spent on the reply brief in support of sanctions, the 4.7 hours spent on the original application for an award of attorney fees, and the 4.65 hours spent on this reply brief should all be included in the fee award.

  2. Mr. Stone argues that the sanctions motion could have been done by an inexperienced local lawyer even though the Court chose undersigned counsel to represent the Doe defendants in responding to plaintiff's motion for leave to take early discovery. Consequently, he contends that the awarded fees should be based on the median hourly rate for the State of Texas set forth in the Texas Bar's 2009 Hourly Fact Sheet.

  Stone cites no authority for the proposition that, when fees are awarded as a sanction in connection with discovery abuse, the appropriate hourly rates are less than the appropriate rates for lawyers retained to litigate the merits, and the law is, in fact, to the contrary. *See Jama v. Esmor Correctional Services*, 577 F.3d 169, 180-181 (3d Cir. 2009) (upholding hourly rates of $600 for

partner, $205 for first-year associate, and $400 for law school clinic attorney, first applied by the district court in awarding fees as a discovery sanction); *Jama v. Esmor Correctional Services*, 2007 WL 4166016, at *2 (D.N.J. Nov. 20 2007) ("the rates should not fluctuate as the case moves from one phase to another").  Indeed, it would have been inefficient for Does' counsel to have retained other lawyers to pursue the sanctions motion on their clients' behalf, because such new counsel would have had to review the files and come up to speed on what had already transpired in the case. Nor would it have been appropriate for counsel to have foisted off on some other lawyer, or a paralegal, the responsibility for communicating with their Doe clients or with counsel for the Internet Service Providers.

The court appointed undersigned counsel to represent the Does because of their expertise in the development of standards for enforcement of subpoenas to identify anonymous Internet users and in the application of those standards in intellectual property cases.  It was counsel's longstanding ties with ISP counsel, developed in similar cases around the country, that allowed them to develop the facts needed to support the motion for sanctions and related briefing as quickly and efficiently as they did, and to prepare the motion for sanctions in the short amount of time for which they have sought to be compensated.

The full hourly rates sought in the application should be awarded.  Stone presents no evidence that market rates for highly qualified intellectual property lawyers in the Dallas area differ significantly from rates in either Washington, D.C. or San Francisco.  Indeed, the 2010 National Law Journal Survey, Levy Supplemental Affidavit Exh. 4, shows that the hourly rates on which counsel's

fee application is based are well within the range of rates for partners in Dallas-based firms.[1] Moreover, the most recent biannual Report of the Economic Survey published by the American Intellectual Property Lawyers Association ("AIPLA"), Levy Suppl. Aff. Exh. 5, shows that in 2008, the average rate for Texas-based partners doing IP work regardless of experience was $472 per hour, and the rate made by partners at top quartile of the range was $590 per hour. Counsel's level of experience as shown by their affidavits, compared to this extensive data about the market for legal services in the Dallas area, easily supports the hourly rates sought in this case.

3. To the extent that Mr. Stone's recent appeal is directed to the Court's monetary sanctions, the appeal is premature, because the amount of the sanction has not yet become final. *See Macktal v. Chao*, 286 F.3d 822, 824 n.1 (5th Cir. 2002) (citing *Southern Travel Club. v. Carnival Air Lines*, 986 F.2d 125, 130-31 (5th Cir. 1993)) ("an order awarding attorney's fees or costs is not reviewable on appeal until the award is reduced to a sum certain"). However, under well-established law in this Circuit, the Court can make the order final by ruling on the pending motion for attorney fees, thus allowing Mr. Stone to move forward with any appeal at that time. *Young v. Equifax Credit Information Services*, 294 F.3d 631, 634 n.2 (5th Cir. 2002); *Riley v. Wooten*, 999 F.2d 802, 804-805 (5th Cir. 1993).

## CONCLUSION

The motion for an award of attorney fees should be granted in the amount of the original $22,040 sought, plus $2,847.50 for time spent on this reply brief

---

[1] For example, at Gardere Wynne Sewell, the average rate for partners is $525 per hour; the lowest rate is $380 and the highest is $815. At Locke Lord the average is $600, and the range is from $400 to $1120. Strasberger Price reports a partner median of $393 and a range of $250 to $617. Winstead's average partner rate is $462 (no median is provided), while the range is $340 to $625, and Thompson & Knight has a range from $410 to $825 – no median or average is listed.

Respectfully submitted,

   /s/ Paul Alan Levy
Paul Alan Levy
*plevy@citizen.org*

Public Citizen Litigation Group
1600 - 20th Street NW
Washington, DC 20009
(202) 588-1000


     s/Matthew Zimmerman
Matthew Zimmerman
*mattz@eff.org*
Cindy Cohn
*cindy@eff.org*

Electronic Frontier Foundation
454 Shotwell Street
San Francisco, California 94110
T: (415) 436-9333
F: (415) 436-9993
www.eff.org

Attorney for Does 1-670

October 20, 2011

## CERTIFICATE OF SERVICE

      I hereby certify that on this date I am filing this reply brief, and the accompanying affidavits of Matt Zimmerman and Paul Alan Levy, by the Court's ECF system which will serve them on all counsel.

October 20, 2011                                               /s/ Paul Alan Levy
                                                                               Paul Alan Levy