IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICK HAIG PRODUCTIONS, e.K., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO.: 3:10-CV-1900-N |
| | § | |
| DOES 1-670, | § | |
| | § | |
| Defendants. | § | |

**MOTION TO STAY THE IMPOSITION OF SANCTIONS PENDING APPEAL
AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

Evan Stone, Counsel for Plaintiff, hereby files this Motion to Stay the Imposition of Sanctions Pending Appeal and Brief in Support, and states as follows:

**I.     INTRODUCTION**

Counsel, acting *pro se*, and only on his own behalf, moves this Court to stay the imposition of sanctions pending an appeal of this Court's Order. If Counsel is required to file a copy of said order in every currently-ongoing proceeding in which he represents a party, it will result in irreparable harm, both to Counsel and his clients. Even if the subject matter of litigation is similar between two cases, there is no reason why Counsel's error in one case should poison the well in any other. Stone remains responsible for any unethical conduct independent of the Order, and if another court believes Stone has acted improperly, it may impose sanctions independently. Therefore, the only likely effect of

the required disclosures will be to cast doubt on the merits or the propriety of discovery in copyright infringement litigation involving BitTorrent. This prejudicial effect is unfair to Counsel's other clients, who could not have controlled or prevented Counsel's error. Moreover, this effect is inapposite to the purpose of the sanction order; it prematurely harms Counsel's goodwill and impinges on his clients' respective rights to a fair trial, but has very little to do with deterring erroneous subpoenas. As discussed below, Counsel's appeal (i) raises serious legal issues, (ii) Counsel will be irreparably harmed without a stay of the Order for sanctions pending an appeal, (iii) no party will be substantially harmed by the granting of a stay, and (iv) the public's interest in avoiding the appearance of impropriety in the legal profession weighs in favor of a stay until the propriety or extent of impropriety of Counsel's conduct is conclusively established on appeal.

## II.   ARGUMENT

**A. The Discretionary Factors Dictate that this Order for Sanctions Should be Stayed Pending Appeal**

In determining whether to grant a stay pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, a district court must consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest

lies.[1]

Because all four factors militate in favor of a stay, Counsel respectfully requests that this Court grant a stay of its ordered sanctions, pending the resolution of Counsel's pending appeal.

**1.  Counsel Has Presented a Substantial Case on the Merits of his Appeal**

The first factor requires the Court to consider whether Counsel has made a showing of likelihood of success on the merits.  However, this factor does *not* require the district court to conclude that its decision was in error or to find a probability of success on the merits.  Rather, the movant need only present "a substantial case on the merits when a serious legal question is involved and show that the balance of the equities [*i.e.,* consideration of the other three factors] weighs heavily in favor of granting a stay."[2] As one district court noted, "it is unlikely that a district court would ever be able to find that defendants will be likely to succeed on the merits of their appeal. To make such a finding, the district court would be saying that it erred in not granting defendant's original motion."[3] Thus, the stay procedure of Rule 62(c) "affords interim relief where relative

---

[1] *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987); *Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir. 1981).
[2] *Id.*
[3] *C.B.S. Employees Fed. Credit Union v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 716 F. Supp. 307, 309 (W.D. Tenn. 1989); *see also Washington Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977) ( "[A district] court is not required to find that ultimate success by the movant is a mathematical probability"); *Steiner v. Apple Computer, Inc.*, No. C-07-04486-SBA, 2008 WL 1925197 (N.D. Cal. 2008) (granting a stay despite finding that the defendant was "not likely to succeed on appeal").

harm and the uncertainty of final disposition justify it."[4] Irrespective of the final outcome of the appeal, because counsel here presents a substantial case on the merits of his appeal, a stay is warranted. To wit, Counsel will appeal this order on the following grounds: (1) the EFF lacked standing to move for sanctions because its *ad litem* representation of defendants had expressly terminated upon disposition of the discovery motion; (2) sanctions were not warranted under Rule 45 because the only persons *subject* to the erroneous subpoenas, ISP compliance personnel, were not unduly burdened; (3) neither Rule 26 nor Rule 11 contemplates sanctions for *subpoenas* issued in error and (4) if the Court was in fact acting *sua sponte* pursuant to its inherent powers, the sanctions were unwarranted or excessive, as Counsel's error did not rise to the level of bad faith.

**a. The EFF lacks standing to move for sanctions**

The Electronic Frontier Foundation ("EFF") attorneys appointed to represent defendants Ad Litem in this case purported to file a Motion for Sanctions on behalf of Defendants.[5] In fact, the EFF's Ad Litem representation of Defendants had unequivocally terminated nearly two weeks prior. As the Court acknowledges in its Order, "the Court appointed the Ad Litems to represent the Does' interests only through resolution of the Discovery Order."[6] Plaintiff's voluntary dismissal of this case on January 28, 2011 conclusively disposed of the Discovery Motion, marking the end of the EFF's role in this case. Although the Motion for Sanctions was *related* to the Discovery Motion, it did not affect the *disposition* of the Discovery Motion in any way. This non-

---

[4] *Ruiz*, 650 F.2d at 565.
[5] Dkt. # 10 ("*Defendants'* Motion for Attorney's Fees or Sanctions) (emphasis added).
[6] Dkt. # 17; *See* also Dkt. # 4 ("This appointment will terminate upon disposition of the Discovery Motion").

dispositive Motion for Sanctions was beyond the express, limited scope of Ad Litems' representation. Moreover, it is important to note that because the EFF was not a party this case, the EFF lacked standing to move for sanctions once its Ad Litem appointment terminated. Generally, a non-party to a case does not have standing to move for sanctions.[7] This unauthorized intervention has two important implications: (1) if the EFF was not authorized to move for sanctions, the Order for sanctions might more appropriately be characterized as a *sua sponte* order,[8] and (2) if Counsel is ultimately required to pay the attorney's fees incurred in so moving, those fees should act as reflections of the fees a reasonable attorney would generally charge in moving for sanctions, and not as windfalls for officious specialists.

**b. Sanctions Were Not Warranted Under Rule 45**

In its Order for sanctions, this Court invoked a *sui generis* sanction provision located in Rule 45(c) of the Federal Rules of Civil Procedure.  The Court reasoned that "[b]y serving invalid subpoenas, Stone necessarily impos[ed] an undue burden or expense on each ISP and *putative Does*" (internal quotations omitted) (emphasis added).  Facially, Rule 45's sanction provision does not apply to the putative Does whose identities were sought.  The Rule requires that counsel avoid imposing "undue burden or expense on a

---

[7] 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337.1 (3d ed. 2004).  ("As a general rule, only parties to an action and certain other participants in the litigation have standing to move for sanctions…"); 2 James Wm. Moore et al., *Moore's Federal Practice* § 55.70 (3d ed. 2011) ("Ordinarily, a non-party may not move for sanctions"); Fed. R. Civ. P. 11 advisory committee's notes to 1983 amendments ("A *party* seeking sanctions should give notice to the court and the offending party…[Courts may impose sanctions sua sponte] in order to overcome the traditional reluctance of courts to intervene unless requested by one of the parties").
[8] *See* infra, pg. 9.

person *subject to* the subpoena" (emphasis added). No defendant was ever subject to a subpoena in this case. The ISPs' subpoena compliance personnel were the only persons *subject to* the erroneous subpoenas. Counsel served subpoenas on these persons in error, but contends that (1) he took reasonable steps to avoid imposing a burden on said persons, and (2) that the error itself was harmless.

### i. Counsel Took Reasonable Steps to Avoid Imposing an Undue Burden on ISPs

On October 21, 2010, the Court's first Order[9] was filed. The Order required that it be served by Counsel on all affected ISPs. Significantly, the Order, which Counsel duly served, allotted ISPs thirty days to dispute the Discovery Motion. Counsel, in error, served subpoenas contemporaneously with these Orders on October 22, 2010. If, as the Court ruled and contends, the Order could not have reasonably been interpreted as granting the Discovery Motion, then why would Verizon, who presumably read the accompanying Order, comply with the subpoena? Any compliance, in this instance, would be *in spite of* the absence of a court order granting discovery. Alternatively, if, as Counsel contends, the Order was unclear, then it is likely Verizon complied because they likewise believed, based on an erroneous reading of the Court's Order, that discovery had been granted in this matter. Moreover, Counsel was not availed of "constructive knowledge of the subpoenas' invalidity" as the Court contends. The second Order[10] Counsel is alleged to have "disregard[ed]"[11] is vague, and does not deny or directly address the merits of the Discovery Motion, other than to opine that it could materially

---

[9] Dkt. # 3.
[10] Dkt. # 4
[11] Dkt. # 17 at 14.

affect Defendants' interests. This Order was filed on October 25, 2010. Again, in light of the thirty day window ISPs were afforded, Verizon could have objected to Counsel's subpoena if they believed that *this* Order denied, vacated or did not grant discovery. An attorney could have concluded that the second Order only appointed attorneys Ad Litem, as that is the only non-passive directive contained in the Order. The Order purports to "addres[s] in part Plaintiff[']s]…motion for leave to take discovery." Despite this language, the only *effect* of the Order was to appoint attorneys Ad Litem. Additionally, both the text of the docket entry for the Order and the e-mail Counsel received from the Court's Electronic Filing system implied that the Order addressed the Discovery Motion[12], but did not give any indication that the Motion had been denied. Counsel, mistakenly believing subpoenas were authorized, did not understand this Order to have any bearing on discovery. The fact that all three documents appointed Ad Litems until the "disposition" of the Discovery Motion does not make the Order any less opaque. If discovery had been *granted*, as Plaintiff mistakenly believed, this second Order would not have immediately disposed of the Discovery Motion or terminated the EFF's concomitant appointment by its terms. Even before a Rule 26(f) conference, it would have been incumbent on the EFF to negotiate or obtain a ruling on the actual terms of Plaintiff's authority to subpoena ISPs. Most importantly, in order to protect the privacy interests of Doe defendants, the EFF would be required to draft a proposed notice, to be issued by subpoenaed ISPs, informing defendants of the reason their identities were being

---

[12] Dkt. #4 ("*ORDER as to 2 Motion for Discovery*. The Court appoints the individuals listed in Exhibit A to this Order to serve as attorneys ad litem, without compensation, for the Defendant Does. This appointment will terminate upon disposition of the Discovery Motion…") (emphasis added); *See also* Exhibit 1.

sought, and their rights moving forward.[13] Counsel expressed his qualms regarding the vagueness of this Order to Plaintiff.[14] Nevertheless, in the absence of any language denying the motion or vacating discovery, Counsel erroneously failed to withdraw the issued subpoenas. Counsel took *reasonable* steps to avoid imposing an undue burden on ISP subpoena compliance personnel by reviewing the court's Order and docket, and by deliberating with Plaintiff regarding how he should act pursuant to a vague Order that purported to address Plaintiff's Discovery Motion *after* a grant of discovery. In light of Verizon's tacit confirmation of Counsel's misreading of *both* Orders, Counsel's conduct was reasonable, even if - in hindsight – that conduct was the result of a misunderstanding.

ii. **Counsel's Error was Harmless**

To run afoul of Rule 45's sanction provision, Counsel must have failed to avoid imposing an *undue burden* on ISPs. Most Internet Service Providers have a longstanding policy of resisting subpoenas unless they are accompanied by a court order.[15] Verizon's compliance with Counsel's subpoena in this instance was anomalous. However, assuming *arguendo* that the Order was clear on its face, Verizon complied volitionally, in the absence of any command or requirement that it do so. Therefore, the time and effort expended in responding to the unauthorized subpoenas would have been expended *irrespective* of the validity of the subpoenas, and the subpoenas could not have been

---

[13] Contrast this with Plaintiff's voluntary dismissal of the case, which immediately and completely disposed of the Discovery Motion, thereby terminating the EFF's appointment.
[14] *See* Exhibit 2.
[15] *See,* e.g., *Verizon Online – Civil Subpoena Policy*, http://www.verizon.net/policies/vzcom/civil_subpoena_popup.asp (last visited Oct. 23, 2011) ("Verizon…will not release account information or information sufficient to identify a subscriber except…[if] required by court order").

burdensome *per se*. Moreover, "because [these ISPs] did not wait for a court order prior to beginning the production process…[they do] not have the right to… reimbursement under Rule 45."[16] Rule 45(c)(2)(B) requires a written objection to a subpoena to be served by the time for compliance specified in the subpoena or 14 days after its service, whichever is earlier. The Court allowed ISPs 30 days to object in this instance. Although some ISPs questioned the validity of Counsel's subpoenas, not one ISP timely filed an objection to Plaintiff's unsupported subpoenas or Discovery Motion. Accordingly, even if the Discovery Motion had in fact been granted, these ISPs would not be entitled to any reimbursement for their compliance. Any burden Counsel may have imposed on ISP subpoena compliance personnel was shouldered voluntarily. That burden was neither amplified nor forced on ISPs merely as a result of Counsel's error. Alternatively, if the Orders were unclear, and Verizon's reading comported with and corroborated Counsel's, then it was not unreasonable for counsel to have mistakenly issued subpoenas.

**c. Sanctions Were Not Warranted Under Rule 26 or Rule 11**

The Order for sanctions likewise invokes the sanction provision from Rule 26(g). This Rule requires that "every disclosure…discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name." Again, the sanctions provision is inapposite to the present circumstances on its face. The certification requirement from Rule 26 applies to (1) disclosures, (2) discovery requests, (3) responses and (4) objections. A subpoena is none of these. Although the Court

---

[16] *North American Rescue Products, Inc. v. Bound Tree Medical, LLC*, 2009 U.S. Dist. Lexis 118316, (S.D. Ohio 2009) at 38-39.

characterizes the unauthorized subpoenas as "discovery requests"[17] a subpoena is distinct from a discovery request.[18] Moreover, under the *expressio unius* canon of statutory construction, any item not present within a statutory list is presumed to be excluded from that list. Therefore, the list including disclosures, discovery requests, responses and objections *excludes* subpoenas. Also, note that the sanction provision from subdivision 26(g)(3) does not apply to rule 26 *generally*. The sanction provision is a subdivision of 26(g) and specifically requires that a sanction be imposed on a "signer." Therefore, in order to face sanctions under 26(g)(3), an attorney must have specifically violated 26(g)'s certification requirement, which, as detailed, does not contemplate unauthorized *subpoenas*. Finally, although the Ad Litems did not move for sanctions under Rule 11, the Court addresses the Rule 11 factors. In light of Counsel's characterization of the Order for sanctions as *sua sponte*, Rule 11 must be briefly addressed; misunderstanding of a court order could not be part of a pattern of activity, and did not infect the entire pleading, and that any additional time or expense incurred by the EFF, whose appointment had terminated, was at their own choosing. Moreover, if a subpoena is semantically a discovery request, Rule 11 expressly "does not apply to…discovery requests.

---

[17] Dkt. # 17 at 7.
[18] *See,* e.g., *Multi-Tech Systems, Inc. v. Hayes Microcomputer Prods.,* Inc., 800 F. Supp. 825 (a subpoena duces tecum served after the close of discovery was not an abuse of discovery, as it was not a discovery request).

**d. Sanctions Were Not Warranted Under the Court's Inherent Powers, or Were Excessive**

It is well settled that courts have inherent authority to impose sanctions on an attorney for bad faith conduct during the course of litigation.[19] However, for Counsel's conduct to have risen to the level of bad faith, it should have been a knowing contravention of a clear court order. Here, the Order was unclear, and Counsel's conduct was inadvertent. A mistake, such as Counsel's, does not warrant sanctions.[20] In the alternative, if sanctions were warranted, the specific sanctions imposed were excessive; Counsel has never before been sanctioned by this or any court, nor disciplined by any state bar and the error itself was harmless.

**2. Counsel Will be Irreparably Harmed Without a Stay of the Order for Sanctions Pending an Appeal**

Counsel's sanctions are not strictly monetary;[21] the imposition of sanctions before the resolution of Counsel's appeal will result in irreparable harm. Specifically, the sanction requiring Counsel to file a copy of the Court's Order with the Court's in all currently-

---

[19] *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-50, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765-66, 65 L. Ed. 2d 488, 100 S. Ct. 2455 (1980).

[20] *North American Rescue*, U.S. Dist. Lexis 118316 at 37-38 ("Whether an undue burden has been imposed is a factual inquiry made on a case by case basis and courts have generally required blatant abuse of the subpoena power before awarding sanctions… A disputed subpoena on its own, even if ultimately found unwarranted, typically does not support an imposition of sanctions. Rather an element of bad faith is usually required"); *Ray A. Scharer & Co. v. Plabell Rubber Prods., Inc.,* 858 F.2d 317, 321 (6th Cir. 1988). (a "mistake would not meet the requirements for sanctions"); *See,* e.g., *In re Rollings*, 2008 Bankr. Lexis 993 at 17-18 (negligent conduct was not found to rise to the level of bad faith).

[21] Black's Law Dictionary 359 (9th ed. 2009). ("irreparable injury…An injury that cannot be adequately measured or compensated by money and is therefore often considered remediable by injunction").

ongoing cases in which counsel is involved will result in irreparable injury absent a stay. If Counsel prevails on appeal, the monetary sanction may be refunded, but the Order cannot be unlearned by any judge with whom it is filed.  As discussed *supra*, this particular sanction will harm Counsel's professional goodwill, and will unnecessarily interfere with his clients' interests in the fair, unprejudiced consideration of their claims.

**3.  No Party Will be Substantially Harmed by the Granting of a Stay**

If, upon resolution of Counsel's appeal, the EFF is awarded attorney's fees, the EFF's interest in the time-value of that money may be reasonably subrogated by an award of prejudgment interest.  Moreover, to Counsel's knowledge, no Defendant in this lawsuit is involved as a party in any other ongoing lawsuit in which Counsel is involved. Therefore, no party involved in this case can be said to have any interest in the disclosure of this Court's Order in unrelated cases to which they are not party.

**4. The Public Interest Weighs in Favor of a Stay**

The public has an interest in avoiding the appearance of impropriety in the legal profession.[22]  Although Counsel concedes that he issued subpoenas in error, whether that error rose to the level of bad faith is still at issue.  *Until* the U.S. Court of Appeals for the Fifth Circuit determines conclusively whether sanctions were warranted in this matter, sanctions should not be imposed, as this would unnecessarily create the *appearance* of impropriety where there may yet be none.

---

[22] *See, United States v. Jennings*, 724 F.2d 436, 449 (5th Cir. 1984).

### III. CONCLUSION

A stay is warranted here, because Counsel's appeal raises serious legal questions, because Counsel and his clients will be irreparably harmed absent a stay, because no party will be substantially harmed by the granting of a stay, and because the public interest in avoiding the appearance of impropriety in the legal profession weighs in favor of a stay. For the foregoing reasons, Counsel respectfully requests that the Court stay the imposition of sanctions pending the resolution of Counsel's appeal of the Court's Order for sanctions.

Respectfully submitted,

*/s/ E. F. Stone*

Evan Stone
State Bar No. 24072371
624 W. University Dr., #386
Denton, Texas  76201
Phone: 469-248-5238
Fax:  310-756-1201
E-mail: lawoffice@wolfe-stone.com

### CERTIFICATE OF SERVICE

I certify that a copy of this Motion will be sent to relevant parties through the Court's ECF notification systems on October 26, 2011.

*/s/ E. F. Stone*